UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHERYL CARNEVALE, <br> KIMBERLY COLOMBO, <br> STEPHEN DANIELS, <br> HEZRON FARRELL, <br> GWENDOLYN FARRELL, and <br> ADRIANA GUZMAN, <br>     Plaintiffs <br> v. <br> THE BOEING COMPANY, a Delaware Corporation, and DOES 1-100, <br>     Defendants | Civil Action No. 1:13-cv-12615-JGD |

**PLAINTIFF-ADRIANA GUZMAN'S OBJECTIONS TO: (I) PROPOSED STATEMENT OF THE CASE; (II) PROPOSED VOIR DIRE; (III) PRELIMARY JURY INSTRUCTIONS**

Plaintiff-Adriana Guzman, through her counsel, submits the following objections:

**I. Objections to Proposed Statement of the Case:**

1. The proposed statement (DRAFT 3/22/18) contains an error regarding the description of the physics of the rapid decompression that occurred after the witnesses heard an explosion;

2. What occurred on American Airlines Flight 1640 on October 26, 2010 was a rapid *decompression* and not, as is stated, a "depressurization."

3. Also, this decompression was not merely "a depressurization" (first paragraph, p 1), it was a *rapid* **decompression** and should not be minimized to be a mere "decompression." (For example, it was not a decompression that occurred slowly and gradually over time, as where there is a slow leak or fatigue cracks. It was rapid; it happened instantaneously,

and it happened after everyone heard an explosion.)

4. The proposed statement minimizes passengers' experience and, therefore, trivializes the event.

5. The aircraft's cruising altitude was to be 37,000 feet, not 32,000; the noise of the explosion and the rapid decompression occurred as the aircraft climbed through 32,000 feet in altitude;

6. The reference to "air pressure" in technically incorrect. The aircraft experienced a loss of pressure which is commonly termed a decompression and not "a loss of pressure," and what occurred is a rapid decrease (not increase) in pressure.

7. There was a loss of oxygen at 32,000 feet, but there was also a rapid decompression. The fact that the oxygen masks deployed has nothing to do with the mechanism of rapid decompression injury in the case at bar.

8. The jury should be told that a piece of fatigued fuselage tore off at 32,000 feet causing a rapid decompression. Boeing has admitted to this and should have no objection.

9. The statement: "The plane descended and the pressure inside the aircraft stabilized so that the masks were no longer needed," is misleading and confusing because the plane was never stabilized in that there was a large hole in the fuselage and it could not be re-pressurized. Moreover, the statement infers that there was no danger of decompression injury once the plane reached a certain lower altitude where oxygen is more naturally available, and that is incorrect because the mechanism of hypoxia is completely different from decompression illness or sickness. In other words, everything wasn't OK once oxygen was no longer needed

10. It is incorrect to state that the "plane returned to Miami without further incident," when,

2

      in fact, the mechanism of injury for rapid decompression was still in play until it landed, and where the environment for the PTSD injury continued to exist.

11. The jury should not be told that Boeing is liable for "damages," but that it is liable for *injury* and damages caused to Ms. Guzman as a result of the rapid decompression.

12. The term "claims" infers doubt and an assertion made without proof.

13. The word suffered is "loaded." Sustained is as accurate.

14. The phrase "liable for damages proximately caused," is a series of legal terms of art which non-lawyers will likely find confusing without proper instruction. If the purpose is to give the people a basic understanding of what the case is about, Plaintiff suggests we should speak basically.

Plaintiff submits the following proposed, amended statement:

"The plaintiff is the person who is bringing this case. The defendant is the person or entity being sued. In this case the plaintiff, Adriana Guzman, has sued the defendant, The Boeing Company, seeking compensation for injuries and losses she contends were caused as a result of the noise of an explosion and rapid decompression incident that occurred on an evening flight from Miami to Boston.

"Specifically, on October 26, 2010, Ms. Guzman was a passenger on American Airlines flight 1640 from Miami to Boston on a Boeing 757 airplane. Soon after takeoff, as the plane began nearing its cruising altitude of 37,000 feet, a piece of the crown fuselage on the aircraft peeled off at 32,000 feet due to metal fatigue causing a hole in the plane resulting in a rapid decompression in the cabin.

"This caused the pressure inside the cabin and outside the plane to become the same, that

3

is, 32,000 feet.

"After the aircraft landed in Miami, the passengers were put onto another flight to Boston within three hours.

"Ms. Guzman contends that she sustained physical and emotional injuries, as well as economic loss as a result of the rapid decompression.  While for purposes of this case Boeing admits it is legally responsible for any injuries and losses caused by the rapid decompression, Boeing disputes the nature and extent of Ms. Guzman's injuries and losses. It will be up to the members of the jury to decide the facts of this case.

## II. Plaintiff's Objections to Proposed *Voir Dire*

Plaintiff submits that the following two questions could be made clearer or more useful if the following changes are made.  Suggested modifications are in brackets.

1. Question 25:  Do you, or any member of your family, or anyone you know well, have any interest in the outcome of this case? I mean do you [believe that you] stand to gain or lose anything depending upon how this case comes out?
2. Question 28:   Are you aware of any biases or prejudice you may have with respect to this case [or cases like this case].

## III. Plaintiff's Objections to Proposed Preliminary Jury Instructions

Plaintiff objects to paragraph two of the Preliminary Jury Instructions beginning with the words, "As I previously told you . . . ." on the same basis articulated in her objections to the Proposed Preliminary Statement.

4

                                        Respectfully submitted,

ADRIANA GUZMAN,

By her Attorneys,

/s/  Elaine Whitfield Sharp
Elaine Whitfield Sharp, BBO #56552
Randy Hitchcock, BBO #561511
Whitfield Sharp & Hitchcock, LLC
196 Atlantic Avenue #546512
Marblehead, MA  01945
(781) 639-1862

Christopher Stombaugh
*Pro hac Vice*

## CERTIFICATE OF SERVICE

     I, Elaine Whitfield Sharp, hereby certify that on March 29, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all counsel of record.

                                     /s/*Elaine Whitfeild Sharp*

ADRIANA GUZMAN

By her Attorneys,

*/s/ Elaine Whitfield Sharp*
Elaine Whitfield Sharp, BBO #56552
Randy Hitchcock, BBO # 561511
Whitfield Sharp & Hitchcock, LLC
196 Atlantic Avenue #546512
Marblehead, MA 01945
(781) 639-1862

## **CERTIFICATE OF SERVICE**

I, Elaine Whitfield Sharp, hereby certify that on ___, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all counsel of record.

_____
Randy M. Hitchcock